

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2019

www.wallbabcock.com

December 20, 2019

**VIA ECF & EMAIL**

Honorable Analisa Torres
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

    Re:    *Evergreen East Cooperative v. Bottomley Evergreens & Farms, Inc.*
            Case No. 1:19-cv-05360-AT
            December 13, 2019 Order Regarding Bottomley's Motion to Enforce Settlement Agreement

Dear Judge Torres:

      Pursuant to Local Civil Rules 5.2, 7.1, and the Court's Individual Practices § IV(A), Defendant Bottomley Evergreens & Farms, Inc. ("Bottomley") submits this letter in response to the Court's December 13, 2019 Order ("Order"), Dkt. No. 37. Bottomley hereby withdraws its blanket request to seal the documents associated with its Motion to Enforce Settlement Agreement. In compliance with the Order, Bottomley narrows its request to the redaction of the settlement amount included in the following documents (the "Redacted Documents"):

- Bottomley's Motion to Enforce Settlement Agreement;
- Bottomley's Memorandum in Support of its Motion to Enforce Settlement Agreement;
- Declaration of Ashlee Webster; and
- Exhibits B-E, G-K, N-O.

Bottomley is forwarding the proposed redacted versions of the aforementioned documents with this letter.

      Local Civil Rule 5.2, 2013 Committee Note, provides that before filing, "parties should consider whether the [filing] contains information about settlement discussions or personal information . . . that should not be in the public file, in which case the [filing] should be sent directly to chambers instead of via ECF[.]" The Second Circuit has recognized that "settlement documents in draft form are not part of the public record of a federal case, that the district court

may seal documents in order to foster settlement, and that the district court's power to seal documents 'takes precedence over FOIA rules that would otherwise allow those documents to be disclosed.'" *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998). Further, settlement amounts may be redacted in publicly filed documents. *Suda v. Sushiden Corp.*, No. 10 CIV. 5692 JGK, 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23, 2011); *Savarese v. Cirrus Design Corp.*, No. 09 CIV. 1911 JGK, 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010); *see also Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 510, 104 S. Ct. 819, 824, 78 L. Ed. 2d 629 (1984) ("openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

In this case, the Parties reached a settlement amount that is closely tied to the outstanding amount owed to Bottomley from Evergreen East Cooperative ("Evergreen") for goods purchased. Evergreen received a significant discount in settlement, and Bottomley would prefer to protect the privacy of its business deals and pricing. Considering Bottomley is no longer seeking a blanket sealing request, the public's access to the documents will not be frustrated because all documents will be available, less the settlement amount. Accordingly, Bottomley respectfully requests that the Court grant this letter-motion for leave to publicly file its Motion to Enforce Settlement Agreement and all associated documents, including the Redacted Documents.

Respectfully,

/s/ Ashlee A. Webster
Ashlee A. Webster

*Counsel for Bottomley Evergreens & Farms, Inc.*

cc: Ross Babbitt *via email at* rbabbitt@babbitt-lawfirm.com
David Blum *via email at* david@davidblumnyc.com
John T. Dixon *via email at* JohnDixon@perkinscoie.com

GRANTED. Defendant is directed to file the redacted documents to the docket and the unredacted versions under seal.

SO ORDERED.

Dated: December 20, 2019
New York, New York

ANALISA TORRES
United States District Judge